UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



RAYMOND S. BURNS, JR.,        )
                              )
            Plaintiff,        )
                              )
v.                            )   Civil Action No. 1:12-cv-123
                              )
WASHINGTON METROPOLITAN AREA  )
TRANSIT AUTHORITY,            )
                              )
            Defendant.        )

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment against Plaintiff Raymond S. Burns, Jr.'s allegation of negligence, stemming from a slip-and-fall accident that occurred on March 4, 2009.

On Sunday, March 1, 2009, pursuant to WMATA's Snow Removal and Ice Control Plan, WMATA declared a snow event/snow emergency when the National Weather Service issued a Winter Storm Warning. WMATA's "Snow Preparedness Activities" included its dispatching of approximately eleven WMATA personnel to the Vienna/Fairfax-GMU Metro Station to remove snow and treat ice with deicer, calcium chloride.

On the morning of Monday, March 2, 2009, Plaintiff parked his motor vehicle on Level 3, Section A of the "North Garage" of

the Vienna/Fairfax-GMU Metro Station and used the stairwell to exit the garage. During this time, WMATA owned, operated, and maintained the North Garage, which is a four level parking garage with stairwell located at or near each of its four corners. Plaintiff testified that the weather was below freezing on that morning and that he observed that snow was packed down across the steps descending from Level 3, Section A. In order to account for the condition of the stairwell, Plaintiff held onto the stairwell's right-hand handrail and attempted to walk in the footsteps of others. On his return trip, Plaintiff took the garage's elevator back up to Level 3, Section A. The elevator door is in close proximity to the stairwell.

On the morning of Tuesday, March 3, 2009, Plaintiff again parked his motor vehicle in Level 3, Section A of the North Garage and used the stairwell to exit the garage. Plaintiff observed that the condition of the stairs had not changed and accordingly gripped the right-hand handrail and attempted to walk in the footsteps of others while descending the stairs. Again, on his return trip, Plaintiff took the elevator back up to Level 3, Section A.

On the morning of Wednesday, March 4, 2009, Plaintiff for the third time parked his motor vehicle in Level 3, Section A of the North Garage and used the stairwell to exit the garage.

Plaintiff observed that the condition of the stairs had not changed and that there was white, packed snow on most of the steps from Level 3, Section A to the location of the accident at or between Level 2, Section A and Level 1, Section A of the garage. Plaintiff also observed that the stairs had apparently been sanded but that there was no sand on the stair on which he slipped. Using the same method of descent as the previous two days, Plaintiff gripped the handrail on the right-hand side of the stairwell and, being careful of where he stepped, attempted to walk in the footsteps of others. This time, however, when Plaintiff was approximately half-way down the stairwell, his left foot slipped off the metal siding on the stair in front of him. As a result, Plaintiff fell over the remaining stairs and landed on the platform, shattering his humerus. Plaintiff was thereafter taken to INOVA Fairfax Hospital and underwent an open reduction and internal fixation of his left humerus fracture with the insertion of a titanium plate and screws. To date, Plaintiff has regained approximately ninety percent of his range of motion.

Defendant moves for summary judgment on the bases of non-negligence by WMATA, contributory negligence by Plaintiff, and voluntary assumption of the risk by Plaintiff. There are no material facts in dispute, and this case is ripe for summary judgment.

This Court must grant summary judgment when a party fails to make a showing sufficient to establish the existence of any essential element of the party's case on which that party has the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c). A movant need only show that there is an absence of evidence or support for the opposing party's case. See Celotex Corp., 477 U.S. at 325. If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

In Virginia, voluntary assumption of the risk of injury constitutes a complete bar to recovery for a defendant's alleged negligence in causing the injury. Thurmond v. Prince William Prof'l Baseball Club, 574 S.E. 2d 246, 249 (Va. 2003). The doctrine of assumption of the risk relies on two premises:

1) that the nature and extent of the risk are fully appreciated; and 2) that it is voluntarily incurred. Monk v. Hess, 191 S.E. 2d 229, 230 (Va. 1972). While carelessness is the essence of contributory negligence, venturousness is the essence of assumption of the risk. Id. Finally, an assumption of the risk defense requires the use of a subjective standard, and summary judgment may be appropriate where reasonable minds could not differ on the issue. Thurmond, 574 S.E. 2d at 250.

In this case, Plaintiff voluntarily exposed himself to the dangers of walking down steps containing packed snow. By his own testimony, Plaintiff knew of the below freezing temperatures that followed the storm and could see packed snow and therefore the dangerous condition of the stairwell on which he walked. Indeed, Plaintiff, being careful of where he stepped, felt it necessary to grip the right-hand handrail and attempt to walk in the footsteps of others while descending the stairwell. Plaintiff did so on three consecutive days until he finally slipped and fell on March 4, 2009, and he did so with a functioning elevator close by. It is clear from the undisputed evidence that Plaintiff voluntarily assumed the risk of the method of decent which he chose to undertake.

For the foregoing reasons, Defendant's Motion for Summary Judgment should be granted. Having so found, it is not necessary to address whether WMATA was negligent for failing to

clean the stairs when a functioning elevator was provided for a safe descent from the garage, or whether there was contributory negligence on the part of Plaintiff. An appropriate Order shall issue.

                                                        /s/
                                      Claude M. Hilton
                                 United States District Judge

Alexandria, Virginia
July 12, 2012